**ORDERED.**

**Dated:  September 23, 2025**

_____
Tiffany P. Geyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**IVF ORLANDO, INC.,**

**CASE NO.: 6:25-bk-05475-TPG**
**CHAPTER 11**

*Subchapter V Election*

**Debtor.**

_____/

**ORDER (1) CONFIRMING SUBCHAPTER V PLAN OF REORGANIZATION FOR IVF ORLANDO, INC ON A NON-CONSENSUAL BASIS PURSUANT TO 11 U.S.C. §§ 1129(a), (b) AND 1191(b); AND**
**(2) SETTING POST-CONFIRMATION STATUS CONFERENCE**
(*Post-Confirmation Status Conference Scheduled for November 13, 2025, at 10:30 a.m.*)

**THIS CASE** came before the Court for a confirmation hearing on June 5, 2025 at 11:00 a.m.

to consider confirmation of the *Subchapter V Plan of Reorganization for IVF Orlando, Inc.* (Doc. No.

54) and the *First Modification to Subchapter V Plan of Reorganization* (Doc. No. 100) (collectively

the "**Plan**"), filed by **IVF ORLANDO, INC** (the "**Debtor**"), and for an oral ruling on July 8, 2025

at 1:30 p.m. (collectively referred to as the "**Hearing**") in connection with confirmation of the Plan

and consideration of the objections to confirmation of the Plan (Doc. Nos. 73 and 74, collectively the

"**Objections**") filed by Fox Funding Group, LLC and Overton Funding, LLC. The Court also

conducted a status conference (originally scheduled for August 6, 2025 and August 20, 2025, but then later rescheduled) on August 28, 2025 at 10:30 a.m. at which time post-confirmation procedural and scheduling matters were discussed (the "**August Status Conference**").

On January 8, 2025, the Court entered the *Order (I) Scheduling Hearing on Confirmation of Plan of Reorganization; (II) Setting Related Deadlines; and (III) Setting Deadlines for Filing Administrative Expense Applications* (Doc. No. 59), which order – among other things – scheduled an initial confirmation hearing for February 19, 2025 and fixed a deadline of February 12, 2025 (the "**Objection Deadline**") for filing objections to confirmation and ballots accepting or rejecting the Plan. On February 19, 2025 and April 3, 2025, the Court continued the hearing to consider confirmation of the Plan to June 5, 2025 at 11:00 a.m.

Prior to the Hearing, Debtor filed its proposed *Exhibit List with attached Exhibits* in support of confirmation (Doc. No. 47) (the "**Exhibits**"), which Exhibits included:

- Exhibit 1 – *Subchapter V Plan of Reorganization (Doc. No. 54)*

- Exhibit 2- *First Modification to Subchapter V Plan of Reorganization (Doc. No. 100)*

- Exhibit 3- *Feasibility Analysis (Doc. No. 86)*

- Exhibit 4- *Liquidation Analysis (Ex A. to Doc. No. 54)*

- Exhibit 5- *Ballot Tabulation (Doc. No. 124)*

- Exhibit 6 – *Confirmation Affidavit (Doc. No. 127)*

At the Hearing, the Court admitted each of the Exhibits without objection.

Upon review and consideration of the Plan, the Exhibits, the proffered testimony, the presentation and arguments of counsel present at the Hearing, and for the reasons stated orally and recorded in open court at the Hearing and the August Status Conference, the Court finds and

determines that the requirements of 11 U.S.C. §§ 1129(a), (b) and 1191(b) of the Bankruptcy Code have been satisfied.

Accordingly, it is **ORDERED** as follows:

1.      The Objections are **OVERRULED**.

2.      The Plan (Doc. Nos. 54 and 100), is **CONFIRMED** on a non-consensual basis pursuant to 11 U.S.C. §§ 1129(a), (b) and 1191(b). If there is a discrepancy between the Plan and this Order, this Order controls.

3.      The Debtor is authorized and directed to execute all agreements and undertake the actions contemplated by the Plan, which the Court finds is a reasonable and appropriate use of the Debtor's business judgment under the circumstances of this case and maximizes recoveries for all creditors.

4.      ***Disbursing Agent***. Debtor is named as Disbursing Agent and must make all payments to holders of Allowed Claims as provided by the Plan.

5.      ***Schedule of Payments***. Pursuant to 11 U.S.C. § 1194, all payments and distributions required under the Plan shall be made by Debtor. A Schedule summarizing the timing and amount of payments to be made to each class of creditors entitled to receive distributions under the Plan is attached hereto as **Exhibit "1"**. **Debtor shall file an updated Distribution Schedule that details the pro rata distribution to general nonpriority unsecured creditors no later than thirty (30) days after all objections to claims related to such claim are resolved.**

6.      ***Deadline to File Claim for Rejection Damages.*** Any such creditor or party in interest whose executory contract or unexpired lease was rejected by order of the Court is directed to file its claim for rejection damages within thirty (30) days from the entry of the Confirmation Order

7.      ***Notice of Effective Date***. Within (3) business days of the Effective Date, Debtor shall file (or cause the filing of) a Notice of Effective Date with service upon all interested parties.

8.      ***Deadline for Filing Claim Objections***. Debtor shall file all obligations to claims within ninety (90) days after the Effective Date of the Plan; provided, however, the Debtor may seek any extension of this deadline for cause shown.

9.      ***Deadline for Filing Adversary Proceedings***. Any adversary proceeding or contested matter contemplated by the Plan shall be filed no later than sixty (60) days after the entry of this Order.

10.     In the event Debtor is unable to comply with the provisions of Local Rule 3022-1, Debtor shall file a report within ninety (90) days from entry of this Order, setting the progress made in consummating the Plan. The report shall include: (1) a statement of distribution by class, name of creditor, date of distribution, and amount paid; (2) a statement of transfer of property; and (3) a statement of affirmation that Debtor has substantially complied with the provisions of the Plan.

11.     ***Post-Confirmation Reporting.*** The Debtor shall file quarterly with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that this chapter 11 case remains open, in a format prescribed by the United States Trustee. These reports shall also include any disbursements made from the sale of any real or personal property ("Quarterly Reports"). The Debtor shall also attach to the quarterly report copies of all bank statements, refinancing and/or sale closing documents for any property sold during the applicable period.

12.     ***Subchapter V Trustee***.  The Subchapter V Trustee shall monitor for compliance of Debtor's Plan and shall file any appropriate motions with the Court if necessary. Debtor shall submit to the Subchapter V Trustee copies of all tax returns filed during the Plan within fourteen (14) days after filing with the taxing authority. Debtor shall promptly comply with all document requests made

by the Subchapter V Trustee to facilitate his monitoring of Debtor's compliance. The Subchapter V Trustee may seek compensation for the services provided. .

13.    *Notice of Substantial Consummation*. Debtor shall file with the Court a notice of substantial consummation of the Plan within fourteen (14) days after the Plan is substantially consummated.

14.    *Motion for Final Decree*. Unless extended by the Court, on or before the later of thirty (30) days after the granting of Debtor's discharge following the completion of all Plan payments or disposition of all adversary proceedings and contested matters, Debtor shall file a motion for final decree.

15.    *Retention of Jurisdiction*. The Court retains jurisdiction for any and all matters that may come before the Court in the administration of the Plan (including, without limitation, actions as to those matters contemplated by the Plan) and pursuant to the Order of Confirmation, specifically including, but not limited to, the jurisdiction to determine all objections that have heretofore been or may be filed to claims of creditors; to fix and award all compensation to parties who may be so entitled; to hear and determine all questions concerning the transfer of assets or property of the Debtor, including any questions relating to any sums of money, services, or property due to the Debtor; to hear and determine any matter concerning enforcement or interpretation of the Plan; and determine all matters of any nature or type necessary or appropriate to carry out the Plan.

16.    *Post- Confirmation Status Conference*. A Post-Confirmation Status Conference has been scheduled before the Honorable Tiffany P. Geyer for November 13, 2025 at 10:30 a.m. at the George C. Young United States Courthouse, 400 West Washington Street, Courtroom 6A, 6th Floor, Orlando, Florida 32801.

[16405-3/11629437/1]                    5

###

Attorney Daniel A. Velasquez is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

# __EXHIBIT 1__

Approximate Distribution Schedule

| | |
|---|---|
| Class 1  - Bankers Healthcare Group, LLC | $5,518.28 per month |
| Class 2 – Kalamata Capital Group, LLC | Paid pursuant to treatment specified in Class 8 |
| Class 3 – Overton Funding, LLC | Paid pursuant to treatment specified in Class 8 |
| Class 4 – Fox Funding Group, LLC | Paid pursuant to treatment specified in Class 8 |
| Class 5 – Navitas Credit Corp. | $250.47 per month |
| Class 6 – Everbank, N.A. | As confirmed by Docket Entries 70 and 81:<br><br>1. Regular monthly payments of $2,307.06 per month for the duration of the 2020 Lease, with the final payment to include an additional $2,880.00; and<br><br>2. Commencing on the Effective Date, twelve (12) consecutive monthly installments of $542.71 for a total of $6,512.47 |
| Class 7 – Everbank, N.A. | As confirmed by Docket Entries 70 and 81:<br><br>1. Regular monthly payments of $3,493.00 per month for the duration of the 2022 Lease, with the final payment to include an additional $2,880.00; and<br><br>2. Commencing on the Effective Date, twelve (12) consecutive monthly installments of $1,028.41 for a total of $12,340.84 |
| Class 8 – General Unsecured Claims | $833.33 per quarter commencing on the Effective Date |
| Priority Tax Claims | N/A |
| Lease Cure Payments | Month 1 through 6 - $0.00<br>Month 7 through 12 – 1,500.00 per month<br>Month 13 through 24 - $2,000.00 per month<br>Month 25 through 36 - $2,250.00 per month<br>Month 37 through 48 - $2,500.00 per month |

|  | Month 49 through 60 - $2,750.00 per month<br>Month 61 through 72 - $3,000.00 per month<br>Month 73 through 84 - $3,250.00 per month<br>Month 85 through 96 - $3,500.00 per month<br>Month 97 through 108 - $5,000.00 per month |
|---|---|
| Administrative Claims | Paid on Effective Date |