**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:

IVF ORLANDO, INC.,

      Debtor.

_____/

CASE NO. 6:24-bk-05475-TPG
CHAPTER 11

**<u>STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL</u>**

Appellants, Fox Funding Group, LLC and Overton Funding, LLC ("Appellants"), by and through its undersigned counsel, for its Statement of Issues to be Presented on Appeal state the following issues will be presented on appeal:

1.      Whether the Bankruptcy Court's confirmation of the Plan was improper?

2.      Whether Appellants' due process or other related rights were violated when the Bankruptcy Court overruled Appellants' Objections to Confirmation based upon arguments and law not raised at any time in the proceedings by Debtor or any other party, including the Court, and the Appellants were never provided with an opportunity to respond to such arguments and law prior to the Court ruling on the issues?

3.      Whether it was proper for the Court to overrule Appellants' Objections to Confirmation on the basis that the Plan was not proposed in good faith when the Debtor put on no evidence related to good faith or make any argument to meet its burden of proving that the Plan was proposed in good faith?

4. Whether it was proper for the Court to disregard a pending adversary proceeding and make a determination of those issues in connection with confirmation of the Plan?

5. Was it improper for the Court to decide whether the Debtor owned the receivables it sold to Appellants by solely reviewing the agreements attached to the proofs of claim and analyzing and applying the law without taking any evidence when the true sale analysis is a fact-intensive issue that numerous courts have found, including one cited by the Bankruptcy Court directly in its Memorandum Opinion on Objections to Confirmation, cannot be resolved without presentation of evidence at a hearing?

6. Whether the Court was incorrect in finding that the Appellants have neither a security interest nor ownership interest in the receivables they purchased from the Debtor pre-petition?

7. Whether Bankruptcy Court incorrectly held that Appellants do not own post-petition receivables?

8. Whether the Bankruptcy Court incorrectly held that Appellants do not have a security interest in post-petition receivables?

9. Whether it was appropriate for the Bankruptcy Court to make the determination of whether the transactions between the Appellants and the Debtor were sales or loans in the context of confirmation?

10. Whether the Bankruptcy Court incorrectly held that Appellants' transactions with the Debtor were loans and whether it was appropriate to make such determination solely by reviewing the language in the agreements?

11.     Whether it was proper for the Bankruptcy Court to rely upon facts that were not in evidence when overruling Appellants objections and confirming the Plan?

12.     Whether the Court incorrectly held that the decision on the issue of whether the receivables purchased by Appellants could not wait to be determined in connection with the pending adversary proceedings?

13.     Whether the Bankruptcy Court incorrectly held that the issue of whether the receivables purchased by Appellants can be resolved by simply reviewing the Appellants agreements with the Debtor and by analyzing the applying the law?

14.     Whether exhibits admitted during the confirmation hearing were adequate to demonstrate that the Plan has a reasonable hope of success and to otherwise prove good faith and all other elements necessary for a plan to be confirmed?

15.     Whether the Court applied improper proper legal standards when analyzing whether the Plan was proposed in good faith?

16.     Whether the Debtor met its burden of proofing that all elements of Section 1129(a) of the Bankruptcy Code required for confirmation were met?

17.     Whether it was improper for the Court to determine the nature of the Appellants' interests in the context of Appellants' objections to confirmation?

Dated: October 20, 2025

KAMINSKI LAW, PLLC

/s/ Mitun Mitra
Mitun Mitra (FL Bar No. 121604)
Shanna M. Kaminski (Admitted Pro Hac Vice)
P.O. Box 1018
Sarasota, FL 34230
(248) 462-7111

*Counsel for Appellants*
*Fox Funding Group, LLC*
*Overton Funding, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2025 I filed the foregoing Statement

of Issues to be Presented on Appeal using the Court's CM/ECF system which served the

same on counsel for Debtor/Appellee as follows:

Daniel A. Velasquez        dvelasquez@lathanluna.com

*/s/ Mitun Mitra*_____
Mitun Mitra, Esq.